### (January 9, 1946.)

EDWARD McCABE, Respondent, v. JOHN M. SMITH, Appellant.

MEMORANDUM BY THE COURT. Appeal from a judgment in favor of the plaintiff in a negligence action, entered upon the verdict of a jury after a trial in the Supreme Court of Rensselaer County, and also from an order denying a motion for a new trial.

Plaintiff was attempting to guide the defendant as the latter was backing his automobile from a vacant lot into a public street, and at the same time watching some small children across the street. The jury might find that

as the rear of the car reached the sidewalk the defendant turned its course with unexpected sharpness and struck the plaintiff, and under the circumstances that his act was negligent. The evidence does not justify a conclusion that plaintiff was guilty of contributory negligence as a matter of law.

Judgment and order affirmed, with costs.

HILL, P. J. (dissenting). Plaintiff-respondent has recovered a judgment for injuries sustained when the right front wheel of appellant's automobile struck him. Appellant was backing his car from a vacant lot on the westerly side of De Freest Avenue in Troy, into that street, which was twenty-one feet wide between the curbs. Desiring to proceed northerly,·he cramped his front wheels sharply to face the car in the desired direction. The car was being backed out for the purpose of taking respondent home as an accommodation. Respondent describes the transaction: "Q. What did he do then? A. He opened the door of his car and got in. Q. Did he have a conversation with you before that? A. No. He said, 'Watch me backing out.' Q. Did he say anything else to you? A. Yes, he said, 'Watch them kids.'" and again "Q. Just before Mr. Smith started to back up, what did he say to you, as you told us before? A. He said, 'Watch me, guide me, back me out,' so I guided him. Q. He said what? A. I would guide him out. Q. What did he say to you? A. He said, 'Watch me backing up.' Q. Did he say anything else? A. He said, 'Watch them kids.'"

Respondent says that he was about eight feet from the westerly side of the street when the accident occurred. He knew appellant was looking in the opposite direction to the place where·he was standing, and he had undertaken to guide and direct the process of·making what would necessarily be a sharp turn in this narrow street. It was not negligence for appellant to make the necessary sharp turn and respondent had undertaken to guide and direct the facing about of the automobile, and incidentally to see that children playing on the curb were not injured. There was no negligence on the part of appellant and there was negligence on the part of the respondent.

The judgment should be reversed.

Heffernan, Brewster, Foster and Lawrence, JJ., concur in decision; Hill, P. J., dissents in opinion.

Judgment and order affirmed, with costs.